UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DAVID BERNHARDT, et al.,<br><br>Defendants. | Case No. 19-cv-05206-JST<br><br>Related Cases: 19-cv-06013-JST; 19-cv-06812-JST<br><br>**ORDER REQUIRING SUPPLEMENTAL BRIEFING** |

Defendants U.S. Fish and Wildlife Service and the National Marine Fisheries Service have moved for remand without vacatur. ECF No. 146. Before deciding this motion, the Court requires additional briefing to determine whether the Services complied with the requirements set forth in the National Environmental Policy Act ("NEPA") when promulgating the challenged regulations. *See* 42 U.S.C. § 4332(2)(C) (requiring federal agencies to prepare an environmental impact statement for all "major Federal actions significantly affecting the quality of the human environment"). In their briefing on the remand question, the Services acknowledge "substantial concerns related to the NEPA documents they prepared when promulgating the 2019 ESA rules," ECF No. 146 at 32, including "with the adequacy of the record supporting the Services' [NEPA] determinations," ECF No. 154 at 5.[1] But the Services' briefs neither specify what these concerns are nor what in the record animates them.

The Services shall file a supplemental brief identifying their NEPA concerns with the

---

[1] The regulations at issue here are challenged in three related cases: *Center for Biological Diversity v. Haaland*, 19-cv-05206-JST (N.D. Cal. Aug. 21, 2019), *California v. Haaland*, 19-cv-06013-JST (N.D. Cal., Sept. 25, 2019), and *Animal Legal Def. Fund v. Haaland*, 19-cv-06812-JST (N.D. Cal., Oct. 21, 2019). The Court's docket citations are to the lowest-numbered cased, *Center for Biological Diversity v. Haaland*.

challenged regulations in greater detail, including what materials in the agency record cast doubt on the adequacy of the initial NEPA determinations the Services made when they promulgated the challenged regulations. The Services shall file their supplemental brief by March 4, 2022. Plaintiffs and Intervenors shall file their responses to the Services' brief by March 11, 2022. All briefs should analyze whether the Services properly invoked the categorical exclusions under NEPA when they promulgated the challenged regulations and whether, under *Allied-Signal, Inc. v. U.S. Nuclear Regulatory Comm'n*, 988 F.2d 146 (D.C. Cir. 1993), vacatur is the proper remedy for a violation of NEPA. No brief shall exceed fifteen pages.

**IT IS SO ORDERED.**

Dated: February 24, 2022



JON S. TIGAR
United States District Judge